IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

CHRIS JAYE,                              )
                                         )
           Plaintiff,                    )
                                         )
      v.                                 )       CASE NO. 2:22-CV-376-WKW
                                         )            [WO]
UNITED STATES, *et al.*,                 )
                                         )
           Defendants.                   )

## ORDER

Plaintiff Chris Jaye, who is representing herself, filed this action alleging a conspiracy among nearly 200 federal, county, and state officials—some of whom are federal and state justices and judges—to deprive her over the past decade of an array of constitutional and civil rights. The factual underpinnings of her claims are unclear but appear to arise from a property dispute involving her residence and her dissatisfaction with the various courts' handling of the matter. By Ms. Jaye's own admission, this is not her first lawsuit addressed to these matters. (*See* Doc. # 1, at 17 ("The matter in controversy in this Complaint is tied to subject matter in many other courts . . . .")); *see also Jaye v. Barr*, No. CV420-321, 2021 WL 3008299, at *1 and n.1 (S.D. Ga. June 7, 2021) (summarizing Ms. Jaye's litigation history and noting that "[a]t the time of this Report and Recommendation, the Court is aware of

29 federal cases and appeals filed by Jaye"), *report and recommendation adopted,* No. CV420-321, 2021 WL 2556693 (S.D. Ga. June 22, 2021).

Before the court is Ms. Jaye's "emergent motion for writ to enjoin all persons acting under color of law" (Doc. # 3), as supplemented (Doc. # 4), and her request for a "three party judge panel on constitutional questions and state statute challenges" (Doc. # 5).  The motions lack merit.

First, to the extent that Ms. Jaye is seeking a temporary restraining order (Doc. # 3), Rule 65(b) of the Federal Rules of Civil Procedure governs requests for temporary restraining orders.  Relevant here, Rule 65(b) imposes two requirements on a movant who seeks the issuance of a TRO "without written or oral notice to the adverse party or its attorney."  Fed. R. Civ. P. 65(b).  First, "specific facts in an affidavit or a verified complaint clearly [must] show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition."  *Id.* at 65(b)(1)(A).  Second, the movant must "certif[y] in writing any efforts made to give notice and the reasons why it should not be required."  *Id.* at 65(b)(1)(B).  Additionally, the elements that apply to a motion for preliminary injunction also govern the issuance of a TRO.  *See Parker v. State Bd. of Pardons & Paroles*, 275 F.3d 1032, 1034–35 (11th Cir. 2001).  These four elements are "(1) a substantial likelihood of success on the merits, (2) a threat of irreparable injury, (3) that [the movant's] own injury would outweigh the injury to

the nonmovant, and (4) that the injunction would not disserve the public interest." *Tefel v. Reno*, 180 F.3d 1286, 1295 (11th Cir. 1999) (alterations added).  The movant bears the burden of establishing entitlement to a TRO.  *See Parker*, 275 F.3d at 1034.

Ms. Jaye falls short of meeting the prerequisites for the exceptional remedy of a TRO.  First, the allegations are not sworn or verified.[1]  *See* Fed. R. Civ. P. 65(b)(1)(A).  Second, there is no written certification of Ms. Jaye's efforts to provide notice to Defendants.  Fed. R. Civ. P. 65(b)(1)(B); *see also Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Local No. 70 of Alameda Cnty.*, 415 U.S. 423, 438–39 (1974) ("The stringent restrictions imposed . . . by Rule 65, on the availability of ex parte temporary restraining orders reflect the fact that our entire jurisprudence runs counter to the notion of court action taken before reasonable notice and an opportunity to be heard has been granted both sides of a dispute." (internal footnote omitted)).

In addition to these procedural shortcomings, Ms. Jaye has not demonstrated a substantial likelihood of success on the merits.  *See Tefel*, 180 F.3d at 1295.  The complaint mirrors substantially the complaint Ms. Jaye filed in the Northern District of Florida on May 20, 2022.  *See Jaye v. United States*, No. 1:22-cv-00113-MW-GRJ (N.D. Fla. May 20, 2022), ECF No. 1.  That action was dismissed with prejudice

---

[1] Ms. Jaye's Rule 11 certification is not a substitute for an affidavit or for a declaration under penalty of perjury under 28 U.S.C. § 1746.

on grounds that it was duplicative of actions pending in the District of New Jersey, that it was filed in the wrong venue for purposes of forum shopping, that the doctrines of res judicata and collateral estoppel barred some of the claims and issues, and that the Eleventh Circuit's order summarily denying Ms. Jaye's emergent motion in a related action was the law of case. *See id.*, ECF Nos. 4, 9. The findings and recommendation of the Magistrate Judge, which were adopted by the District Judge, are persuasive. *Id.* The motion for emergent relief, to the extent that it seeks a temporary restraining order (Doc. # 3), will be denied.

Second, Ms. Jaye has filed a motion for a "three party judge panel" to resolve her claims. (Doc. # 5, at 2.) It is unclear whether she is requesting that her case be heard by a panel of three district judges or by a statutory three-judge court. However, she cites no authority for her request for a "three party judge panel," and none exists that would support convening three judges to resolve her claims. For example, Ms. Jaye's claims are not subject to the convening of a three-judge district court under 52 U.S.C. § 10304 because the claims are not constitutional challenges to the apportionment of congressional districts or a statewide legislative body. This motion also will be denied.

Based on the foregoing, it is ORDERED as follows:

(1)    Ms. Jaye's motion for emergent relief (Doc. # 3), as supplemented (Doc. # 4), to the extent the motion seeks a temporary restraining order, is DENIED; and

(2)    Ms. Jaye's motion for a "three party judge panel" (Doc. # 5) is DENIED.

It is further ORDERED that the above-styled action is REFERRED to the Magistrate Judge pursuant to 28 U.S.C. § 636 for further proceedings and determination or recommendation as may be appropriate.

DONE this 28th day of June, 2022.

        /s/   W. Keith Watkins
UNITED STATES DISTRICT JUDGE